

The following constitutes the order of the Court.
Signed: February 28, 2019

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>SIMON S. CHAN,<br>Debtor. | Case No. 18-40217 CN<br>Chapter 7 |
| LOIS I. BRADY, Trustee in Bankruptcy<br>Plaintiff,<br>vs.<br>CHANEL H. CHAN,<br>Defendant. | Adversary No. 18-4115<br>**ORDER AFTER HEARING** |

On February 25, 2019, the court conducted a hearing on Specially Appearing Defendant Chanel Chan's ("Chan") Motion to Quash Service of Summons and Plaintiff Lois Brady's (the "Trustee") Motion for an Order Authorizing Service of Summons and Complaint Via Email. Appearances were stated on the record. The court grants Chan's motion to quash service, and tentatively denies the Trustee's motion to serve via Email.

The Trustee has not established that she properly served Chan with the summons and complaint in this adversary proceeding. Federal Rule of Bankruptcy Procedure 7004(b)(1) authorizes service within the United States by first class mail (with prepaid postage) directed to "the individual's dwelling house or usual place of abode." The Trustee contends that she satisfied Rule

1

7004(b)(1) by mailing the summons and complaint to Chan and Simon Chan (her ex-husband in his alleged capacity as her attorney-in-fact) at Simon Chan's address of 5534 Belarus Street, Danville, California. This mailing was not adequate service. While the Trustee argues that Simon Chan was authorized to accept service of process on Chan's behalf under a power of attorney executed by Chan, the Chans' pre-petition divorce terminated the power of attorney. *See* Cal. Probate Code §4154.

The Trustee also has not sufficiently demonstrated that 5534 Belarus Street is Chan's dwelling house or usual place of abode. While Chan is the fee owner of 5534 Belarus Street, she is apparently leasing the property to Simon Chan, and the lease expressly states that only he may occupy the property. Accordingly, the Trustee has not established a sufficient nexus between Chan and 5534 Belarus Street. *Cf. In re Premium Sales Corp.,* 182 B.R. 349 (Bankr. S.D. Fla. 1995).

The Trustee's request to serve Chan by email is tentatively denied. Under Federal Rule of Civil Procedure 4(e) and Federal Rule of Bankruptcy Procedure 7004, a plaintiff may serve an individual defendant in the United States using any method permitted by the law of the state in which the district court is located or in which service is effectuated. State and federal courts have allowed service of process by email under California Code of Civil Procedure §413.50 where email service is "reasonably calculated to give actual notice to the party to be served, particularly where there is evidence that the defendant is evading service." *Bay Area Painters & Tapers Pension Trust Fund v. J&C Fuentes Painting & Decorating Co.,* 2018 U.S. Dist. LEXIS 147580, *4-5 (N.D. Cal. 2018)(citing cases). Even if a method of service comports with Rule 7004, service will be improper if it is not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir. 2002). The Trustee has not demonstrated that Chan is residing in the United States or that Rule 4(f) allows international email service, rendering moot (at this time) the questions of whether 1) the Trustee has exhausted other reasonable avenues of service, making service by email necessary and 2) service by email will provide Chan with adequate notice. To this end, the court is granting the Trustee's request to take limited discovery regarding proper service. *See Manchester v. Sivantos GMBH,* 2018 U.S. Dist. LEXIS 14108, *21 (C.D. Cal. 2018),

2

**ORDER AFTER HEARING**

citing *Blair v. City of Worcester,* 522 F.3d 105, 111 (1st Cir. 2008). Accordingly, and good cause appearing,

**IT IS HEREBY ORDERED THAT**

1) Chan's Motion to Quash Service of Summons and Complaint is granted.

2) The Trustee may conduct discovery for the purpose of determining how to effect proper service on Chan, which discovery shall be completed by **May 1, 2019**. The Trustee shall thereafter promptly serve Chan with an alias summons and the complaint as appropriate or file, by **May 7, 2019,** a supplemental declaration in further support of her request to serve Chan by email. If the supplemental declaration is timely filed, the court will hold a continued hearing on the Trustee's motion to serve by email on **May 13, 2019** at **10:00 a.m.** in Courtroom 215 of the United States Bankruptcy Court, 1300 Clay Street, Oakland, California.

**\*\*\* END OF ORDER \*\*\***

Adversary No. 18-4115

**COURT SERVICE LIST**

Recipients are ECF participants.