GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

**Attorneys for**
**Specially Appearing Defendant Chanel H. Chan**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**SIMON CHAN**,<br><br>Debtor.<br><br>**LOIS I. BRADY,**<br><br>Trustee in Bankruptcy<br><br>Plaintiff,<br><br>v.<br><br>**CHANEL H. CHAN,**<br>    **a.k.a. CHANEL HAOFAN CHAN,**<br><br>Defendant. | Chapter 7<br><br>Case No. 18-40217-CN<br><br>Adversary No: 18-04115<br><br>**SUR-RESPONSE TO TRUSTEE'S MOTION TO SERVE BY EMAIL AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     May 13, 2019<br>Time:    10:30 a.m.<br>Judge:   Honorable Charles Novack<br>Location: 1300 Clay Street, Courtroom 215<br>           Oakland, Ca 94612 |

     Specially Appearing Defendant Chan H. Chan ("Ms. Chan") hereby submits her Sur-Response to Trustee's Motion to Serve by Email ("Trustee's Motion") (Dkt. No. 24) and Supplemental Memorandum of Points and Authorities (hereinafter, "Trustee's Brief") (Dkt. No. 48).

     Specially Appearing Defendant files this sur-response to Trustee's Brief by leave of the Court.

**I.    SUMMARY OF FACTS**

     On December 15, 2016, Chanel H. Chan, Specially Appearing Defendant ("Ms. Chan"), filed for divorce from Simon Chan, Debtor in the above-captioned Chapter 7 bankruptcy ("Debtor") in Contra Costa County Superior Court, Case No. D16-05876. On December 19, 2016, the parties executed a Marital Settlement Agreement ("MSA"). The marriage was dissolved by court order on

-1-
SUR-RESPONSE TO TRUSTEE'S MOTION TO SERVE BY EMAIL AND
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Adversary Proceeding 18-04115 /
Core Case 18-40217-CN

July 6, 2017, and on December 15, 2017, the court issued a judgment on reserved issues as set forth in the MSA. The MSA stipulates that Debtor's minor child was domiciled in China. (Dkt. No. 1, Complaint ¶19).

On February 14, 2017, Debtor's former counsel filed a lawsuit against Debtor and Ms. Chan for alleged failure to pay attorney's fees. San Francisco Sup. Ct., Case No. CGC-17-557072. On March 15, 2018, Ms. Chan's counsel for that matter sought leave from court to withdraw as counsel as the firm had been unable to locate Ms. Chan. A declaration in support of the motion to withdraw stated "Chanel Chan moved to China, which has made it more difficult to locate her." (Dkt. No. 48, Trustee's Supplemental P&A In Support of Alternative Service of Process ("Trustee's Brief"), p. 5:5-10).

On March 1, 2017, plaintiffs in Contra Costa County Superior Court Case No. MSC14-00633 (referred to as the "State Court Action" in Trustee's Complaint), initiated a new lawsuit against Debtor and Ms. Chan. Contra Costa County Sup. Ct., Case No. C17-00358. (Dkt. No. 1, Complaint ¶10). Plaintiffs in this action recorded a Notice of Pendency of Action on March 3, 2017. The Proof of Service contains a complete address for Ms. Chan in Beijing, China.

On January 25, 2018, Debtor Simon Chan ("Debtor") filed the instant bankruptcy petition. Ms. Chan is listed as a creditor in Debtor's Schedules. Debtor's schedules state Ms. Chan's address is "Beijing, China." (Dkt. No. 48, Trustee's Brief, p.3:16-20).

Notwithstanding the abundance of public records suggesting Ms. Chan no longer resides in the United States; as well as those that establish Ms. Chan's marriage to Debtor was dissolved, on December 12, 2018, Plaintiff and Trustee in Bankruptcy Lois I. Brady ("Trustee") filed a Certificate of Service claiming Ms. Chan had been served, individually and pursuant to a Power of Attorney for Debtor,

by U.S. Mail at 5534 Belarus Street, Danville, California (the "Property") (Dkt. No. 6, Certificate of Service,).

On February 29, 2019, this Court granted Ms. Chan's motion to quash service of summons and tentatively denied the Trustee's motion to serve via Email. (Docket No. 29, Order After Hearing). This Court found that service upon Debtor under a power of attorney executed by Ms. Chan, did not satisfy Federal Rule of Bankruptcy Procedure 7004(b)(1) because the Chans' pre-petition divorce terminated the power of attorney by operation of law. The Court also found that Trustee did not sufficiently demonstrate the Property was Ms. Chan's dwelling house or usual place of abode.

The Court further ordered "The Trustee may conduct discovery for the purpose of determining how to effect proper service on Chan, which discovery shall be completed by May 1, 2019. The Trustee shall thereafter promptly serve Chan with an alias summons and the complaint as appropriate or file, by May 7, 2019, a supplemental declaration in further support of her request to serve Chan by email." *Id.*

Despite the public records indicating Ms. Chan did not reside in the United States, over the next two months Trustee subpoenaed Ms. Chan's Bank of America accounts, the California of Department Motor Vehicles, and First American Title seeking evidence that could be used to demonstrate Ms. Chan resides at the Property.

II. **ARGUMENT**

A. **Trustee's Has Not Demonstrated Circumstances Warranting Service by Email**

Trustee cites a string of cases in which email service was authorized for international service of process on foreign e-business corporations. Such service was authorized pursuant to Federal Rule of Civil Procedure Section 4(f)(3). The cases cited are factually distinguishable from the instant case and are inapplicable.

While alternate service pursuant Rule 4(f)(3) is an "equal means" and not a "last resort," the court seeking to allow such service must first determine whether such alternate service is proper

-3-

SUR-RESPONSE TO TRUSTEE'S MOTION TO SERVE BY EMAIL AND     Adversary Proceeding 18-04115 /
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES     Core Case 18-40217-CN

Case: 18-04115  Doc# 51  Filed: 05/10/19  Entered: 05/10/19 16:25:04  Page 3 of 11

based on the "particularities and necessities of a given case." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16. Service under Rule 4(f)(3) "must comport with constitutional notions of due process and must not be prohibited by international agreement." *Id.* at 1014, 1015. Additionally, "in cases of 'urgency' Rule 4(f)(3) may allow the district court to order a 'special method of service' even if other methods of service remain incomplete or unattempted." *Id.*

### 1. Defendants in the Legal Authority Cited by Trustee Were Foreign E-Commerce Corporations That Conducted Business Via Email, Or Had Authorized Trustee to Communicate Via Email with Them

In *Rio Props.*, the court noted defendant foreign corporation was actively infringing plaintiff's website trademarks and was "striving to evade service of process." *Id*. at 1165. Defendant corporation had "structured its business such that it could be contacted *only* via its email address…[defendant] listed no easily discoverable street address in the United States or in Costa Rica." *Id.* at 1018. The *Rio Props.* Court noted "If any method of communication is reasonably calculated to provide [defendant] with notice, surely it is email - the method of communication which [defendant] utilizes and prefers." *Id*. For that reason, service by email comported with due process in that limited set of circumstances. *Id.* at 1016.

In *Popular Enters., LLC v. Webcome Media Group, Inc.*, 225 F.R.D. 560, the U.S. Eastern District Court of Tennessee, citing *Rio Props.,* authorized service via email on a foreign e-business. Plaintiffs had sued for trademark infringement and dilution and obtained a temporary restraining order against defendant corporation. *Id*. 561-562. Plaintiffs attempted to notify defendants of the preliminary injunction, summons and complaint by an email address **provided by defendant** to its domain name registrar. *Id.* Plaintiff had also attempted service under the Hague Convention, but was unsuccessful because it did not have a valid mailing address. *Id.* On plaintiff's motion to serve by email, the court noted that Rule 4(f)(3) is "expressly designed to provide courts with broad flexibility

in tailoring methods of service to meet the needs of *particularly difficult cases*." *Id*. (*emphasis added*). The Court noted that email was the method of service most likely to reach defendant - "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process.*" Id.* (citing *Rio Props.,* F.3d. at 1018).

Trustee's other cited authorities run in the same vein. *See Maclean-Fogg Co. v. Ningbo Fastlink Equip Co.,* 2008 U.S. Dist. LEXIS 97241 (N.D. Ill. Dec. 1, 2008) (defendant foreign corporation and manager conducted business through their website and communicated with customers via email provided for contact purposes on their business website); *Phillip Morris USA Inc. v. Veles Ltd.*, 2007 U.S. Dist. LEXIS 19780, 2, 9 (S.D.N.Y. 2007) (defendant foreign corporation was an internet-based online cigarette business that appeared to be conducted entirely through electronic communications and corresponded regularly with customers via email). In *D.light Design v. Box Solar Co.*, 2015 U.S. Dist LEXIS 14683, defendant corporations conducted business online via email, the email was provided in website registration materials, and was associated with defendant's PayPal account. *Id.* at 7. Also, in *D.light*, plaintiffs identified multiple "indicia of reliability" with respect to the email including the fact that plaintiff's investigators had communicated through that email address to facilitate the purchase of allegedly trademark infringing products. *Id*.

The case *In re International Telemedia Assocs.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000), is distinguishable from the prior citations, but still not helpful to Trustee's argument. In *In re International Telemedia Assoc.* defendant expressly authorized the Trustee to communicate with him via facsimile and email. Defendant sent the Trustee a letter specifically instructing Trustee to use the new permanent facsimile number…for any future correspondence and stating that 'the received FAXes are forwarded to me and stored on my E-mail." *Id*. at 12-13. In this instance defendant was a "moving target" as he was actively traveling throughout Europe. *Id.* at 10-11. Based on these

specific facts and the established and explicit email and facsimile relationship the court authorized service by email and facsimile. *Id.* at 18.

In sum the plaintiffs, in the cited cases expressly "demonstrated both the inadequacy of service on defendants by methods under Rule 4(f)(1)-(2), and the likelihood that the proposed alternative methods would succeed." *Phillip Morris*, *supra*, at 9.

### 2. Trustee Has Cited No Authority Justifying Serving A Foreign Individual by Email In A Non-Urgent Matter Implicating Substantial Real Property Interests And Due Process Concerns

None of the cases *supra* support service by email under the "particularities and necessities" of the instant matter. *Rio Props.*, *supra*, at 1015-16. In this case Plaintiff alleges that, at least two-years prior (sometime around December 2016) Ms. Chan was the recipient of alleged fraudulent transfers of real and personal property. The Complaint seeks to avoid the transfer to Ms. Chan of real property in Danville, California and a Porsche. The Complaint also seeks to avoid the transfer of approximately $100,000 in loan proceeds. Lastly, the Complaint seeks costs of suit, including attorneys' fees. Plaintiff has also recorded a Notice of Pendency of Action against the Danville property. There is no plausible allegation Ms. Chan has avoided service of process; simply that she does not reside in the United States and that Plaintiff has not been able to locate her. None of these facts suggest that the matter is "urgent." *Rio Props. v. Rio Int'l Interlink*, *supra*, at 1016.

Distinguish *Popular Enters., LLC*, defendants were actively infringing and diluting plaintiff's trademarks. Due to ongoing and continuous trademark infringement and dissolution of intellectual property, the matter was "urgent." Plaintiff sought and was granted a preliminary injunction. In this matter, the alleged tortious actions occurred singularly multiple years ago. Plaintiff's causes of action are protected by Trustee's "clawback" powers and the recording of the Notice of Pendency of Action.

Plaintiff cannot credibly claim an urgency or exigency that necessitated a premature filing prior to conducting proper due diligence.

Given the Complaint jeopardizes Ms. Chan's property interests the due process concerns are significant. Ms. Chan's due process rights entitle her to service reasonably calculated to provide her with notice. The due process concerns of service by email are the "limitations" inherent with email - specifically, "in most instances, there is no way to confirm receipt of an email message." *Rio Props.*, *supra*, at 1018. As this matter is not exigent, Ms. Chan respectfully requests that the Court not relax Plaintiff's burden of proof regarding the sufficiency of the proposed service by email.

### 3. Trustee Has Not Established That Service by the Proposed Emails Is Likely to Succeed

Trustee proposes Ms. Chan be served at two allegedly valid email addresses. However, Trustee's declarations do not support a claim that these addresses are reliable. Trustee's level of evidentiary proof is far below that established by plaintiffs in the cases discussed above wherein email service was allowed. In *In re International Telemedia Assocs.*, the Trustee had communicated directly with the defendant, and been explicitly directed by defendant to communicate with him via facsimile and email. Ms. Chan has had no direct communication with Trustee, and has not authorized Trustee to communicate with her via any form of electronic mail. In *Rio Props.*, defendant corporation structured its business so that it could ***only*** be contacted via email; in so doing it represented a preference and requirement to communicate with the entity by email and that email was a reliable method to communicate with it. Here, Ms. Chan, is an individual, not an active corporation conducting business via email, and has made no such representation either implicitly or explicitly.

Those cases reveal other "indicia of reliability" the courts have considered, none of which Trustee has established. In *D.light*, for example, the Court could find that a given email was reliable

because plaintiff's investigator's communicated via that email to purchase trademark infringing products. In *Maclean*, plaintiff's demonstrated that defendants were presently conducting business with the proposed email. Here, Trustee presents an email named on a lease executed over two years ago. Unlike defendants in *D.light*, Trustee cannot establish Ms. Chan is actively using those email address. Trustee presents a declaration in a Motion to Withdraw as Counsel in a civil suit that contains one of the proposed email addresses. It is unclear how Trustee believes this is helpful given that that declaration explicitly avers counsel had been unable to contact Ms. Chan using that means of communication.

In sum, Ms. Chan asks that the Court be "skeptical of authorizing service of process [via email because]….The record - in contrast to *Phillip Morris USA Inc*.—does not reflect that Plaintiff made diligent efforts to obtain physical addresses for defendants, nor does it indicate whether these known or unknown emails have recently been utilized to communicate with…Defendant[]." *Viahart, LLC v. Does*, 2018 U.S. Dist. LEXIS 222341 (E.D. Texas Dec. 7, 2018).

### B. Alternative Service on a PO Box, the Danville Property, and Specially Appearing Counsel is Improper

First, service on a PO Box is impermissible. Second, as previously established, the Danville Property is not Ms. Chan's residence. Trustee speculates that service was attempted on that address and Ms. Chan somehow obtained notice of this adversary proceeding. But there are a number of ways Ms. Chan could have obtained notice and Trustee has not established Ms. Chan obtained notice by serving documents on the Danville Property. For example, Trustee has recorded a Notice of Pendency of Action, and as Trustee avers, Ms. Chan was listed a creditor in the instant core proceeding - by virtue of these actions, Ms. Chan could have also obtained notice. Third, Specially Appearing Counsel is not authorized to receive service of process on Ms. Chan's behalf.

-8-
SUR-RESPONSE TO TRUSTEE'S MOTION TO SERVE BY EMAIL AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Adversary Proceeding 18-04115 / Core Case 18-40217-CN

Case: 18-04115    Doc# 51    Filed: 05/10/19    Entered: 05/10/19 16:25:04    Page 8 of 11

Additionally, Plaintiff requested these alternate means of service in the latest filed memorandum of points and authorities. Specially Appearing Defendant avers that that filing was truly an improper motion under F.R.C.P. 4(f)(3). The motion is improper because it was made without leave of court and without being properly noticed. Accordingly, on those grounds, Specially Appearing Defendant respectfully requests that the Court not consider those requests. Alternatively, if the Court is inclined to grant such relief, Specially Appearing defendant respectfully requests additional time to research and present a supplemental brief in opposition and that those arguments be heard at a later continued hearing as the arguments contained herein were presented with limited opportunity for in-depth research and to preserve the issues available to Specially Appearing Defendant.

### III. CONCLUSION

For the foregoing reasons, Specially Appearing defendant respectfully requests that the Court deny Trustee's Motion to Serve by Email and the other proposed alternative forms of service. Given the limited time Specially Appearing Defendant had to respond to this unexpected motion, Specially Appearing Defendant's Counsel respectfully requests to reserve time for any additional arguments at the hearing on this matter.

oo0oo

Dated: May 10, 2019  /s/ *Geoffrey E. Wiggs, Esq.*
**Geoffrey E. Wiggs, Esq.**
Attorney for Specially Appearing
Defendant Chanel Chan

-9-
SUR-RESPONSE TO TRUSTEE'S MOTION TO SERVE BY EMAIL AND  Adversary Proceeding 18-04115 /
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES  Core Case 18-40217-CN

Case: 18-04115    Doc# 51    Filed: 05/10/19    Entered: 05/10/19 16:25:04    Page 9 of 11

GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

**Attorneys for
Specially Appearing Defendant Chanel H. Chan**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| In re: | Chapter 7 |
|---|---|
| **SIMON CHAN**, | Case No. 18-40217-CN |
| Debtor. | Adversary No: 18-04115 |
| **LOIS I. BRADY**, | **CERTIFICATE OF SERVICE** |
| Trustee in Bankruptcy | Date: April 25, 2019 |
| Plaintiff, | Time: 10:00 a.m. |
| v. | Judge: Honorable Charles Novack |
|  | Location: 1300 Clay Street, Courtroom 215 |
| **CHANEL H. CHAN,** | Oakland, CA 94612 |
| a.k.a. **CHANEL HAOFAN CHAN,** |  |
| Defendant. |  |

I, the undersigned, declare that I am employed in the County of San Mateo. I am over the age of 18 years and not a party to the within entitled action. My business address is 1900 S. Norfolk Street, Suite 350, San Mateo, California 94403-1171.

On today's date, I served the following documents:

1. **SUR-RESPONSE TO TRUSTEE'S MOTION TO SERVE BY EMAIL AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES;**
2. **CERTIFICATE OF SERVICE;**

in the following manner(s):

By email, addressed as follows:
Mariam S. Marshall, Esq.
mmarshall@marshallramoslaw.com

-10-
SUR-RESPONSE TO TRUSTEE'S MOTION TO SERVE BY EMAIL AND
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
Adversary Proceeding 18-04115 /
Core Case 18-40217-CN

Case: 18-04115    Doc# 51    Filed: 05/10/19    Entered: 05/10/19 16:25:04    Page 10 of 11

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **May 10, 2019** at San Mateo, California.

/s/ Geoffrey E. Wiggs
Geoffrey E. Wiggs